to the last case. Uh, uh, uh, Nolan, uh, and counsel whenever you're ready. Good afternoon, your honors and may it please the court for appellant Karl T. Anderson in his capacity as chapter seven trustee for the bankruptcy estate of Steve Nolan. My name is Ed Hayes of Marshak Hayes. I'd like to reserve three minutes for rebuttal, please. I think the most important place to start for oral argument is to focus on California's automatic homestead exemption. It is only applicable to a forced sale under CCP section 704.740 a the interest of a natural person in a dwelling may not be sold under this division to enforce a money judgment except pursuant to a court order for sale obtained under this article. There's plenty of bankruptcy cases that hold that the bankruptcy itself is the functional equivalent of a forced sale under California law. In this case, however, the bankruptcy trustee is not seeking to force a sale of the residence. The trustee is not seeking to force a sale of the debtors interest in the trust itself. Instead, what we have is a debtor claiming an exemption. And although the debtor did not argue this, the bankruptcy court in its decision said the exemption was appropriate because the debtor could theoretically seek a claim or cause of action for partition. And instead of receiving a cash distribution from the trust, the debtor in theory could receive a distribution of title to one half of the property from the probate court. There was zero evidence in the record that the debtor had ever sought to raise such a cause of action for partition. I don't think there's any dispute that the debtor never actually did seek a cause of action for partition. So what we have here is the bankruptcy court entering an order determining the nature and extent and character of a debtor's interest in a trust when there's a pending probate proceedings. We don't know, and to this day we still don't know, if the debtor would raise an argument for partition, would that argument be successful or unsuccessful? If the argument was successful and the probate court were to have given the debtor a one half interest in the property, that interest would then be property of the bankruptcy estate. But in the meantime, the property itself is not an asset of the bankruptcy estate. Only the debtor's one half interest is a beneficiary. So if the debtor were to get a one half interest in title, and that became an asset of the bankruptcy estate, then sure, the debtor would be entitled to a homestead exemption because he would have a sufficient legal or equitable interest in the property now upon which a homestead exemption could be based. But let's take the contrary, which I think is really important to note. If the probate court ultimately determines that house is to be sold, and that each beneficiary of the trust is to receive only a cash distribution of one half of the net sales proceeds, what falls into the bankruptcy estate isn't an interest in real property. What falls into the bankruptcy estate is a cash. Council, you would agree that under California law, as set forth both in the relevant statutes and in the amine case, and I'm quoting from that, there is a California strong public policy requiring courts to adopt a liberal construction of the law and facts to promote the beneficial purposes of the homestead legislation to benefit the debtor, right? Absolutely. Liberal construction. And there's no question here, the debtor was residing in the property and had been doing so for some time, right? Absolutely correct. And there's also no question that under the trust, the debtor could have ended up with an actual interest in the property. I would take issue with that. I think it's theoretically possible that the debtor could have sought a judgment of partition, but there was no evidence that the debtor ever did seek a judgment of partition or that the probate court would have the case, but it's not necessarily going to be true. So it's just hard for me to see your argument that the debtor under California law didn't have such an interest in the property that it would be legitimately considered entitled to the homestead exemption and that somehow the bankruptcy court erred here. And I hear your argument, but I don't really see it engaging with what the bankruptcy court did. And maybe I'm missing it, but it just strikes me that here on the facts, the debtor could be entitled to a homestead exemption. And given the findings made by the bankruptcy court, there's nothing legally or factually that the bankruptcy court did wrong here and so find it. Let me try to address that, Your Honor, because this is the crux of the case, obviously. If the debtor, instead of filing bankruptcy while the probate proceeding was pending, tried to get partition and failed, and what the debtor received from the probate court was a cash distribution, and then the debtor files bankruptcy, would there be a homestead exemption merely because the cash proceeds that the debtor received were the proceeds of a residence where he once lived? In your hypothetical, the debtor was gone. The debtor was no longer living in the property and had basically engaged in an action which gave the debtor cash in lieu of his possessory or other real property interest. That's your hypothetical? No, Your Honor, I draw a slight distinction. The hypothetical is that the debtor in this case was removed as the successor trustee for his late property. He wasn't removed from the property. He was removed as successor trustee, and his brother took over as successor trustee. So if his brother, as the owner of the property, voluntarily sells, the California automatic homestead exemption doesn't apply. Or if the probate court were to have adjudicated a cause of action for partition by the debtor, but ruled, no, I'm not going to partition the property and provide a 50% distribution of title. Instead, the property is going to be sold and the cash will be distributed. If that's what the probate court adjudicated out of the terms of this trust, and then the debtor filed bankruptcy and said, here's my pile of cash, and this is my homestead exemption. But again, at the state of the facts at the time the bankruptcy court adjudicated them was the debtor was living in the property. And the debtor had a beneficial interest in the trust that could have entitled him, not did entitle him, but could have entitled him to physically own the real property in which he was actually residing and had been for some time, as opposed to the hypothetical that you've posed. The actual facts were the trust said what it said, and he was living there. And you're right, you're correct. I was trying to isolate that if the debtor, what I was trying to make the point of is I don't think that the bankruptcy court should have determined the exemption one way or another until the probate court completed its administration of this property and the trust. And if the debtor's efforts to obtain an in-kind distribution of title failed such that all his rights were as of the day of bankruptcy was the right to receive cash. And that is what was received. And there was no forced sale by creditors. This was an action of the probate court interpreting the terms of the trust. So in retrospect, if the bankruptcy court deferred any decision at all, which I suggested during oral argument should be the case. If the bankruptcy court did nothing, let it go back to the probate court. The probate court finishes its administration of this estate and gives the debtor just cash. There is no homestead. And meanwhile, the bankruptcy court proceeding just lingers for some unknown period of time. It doesn't just linger your honor. And I think this goes to our point about the probate exception to bankruptcy court jurisdiction when assets are in the jurisdiction of the probate court. No, I mean, I have to disagree with you, counsel. It's when there is a specific race. I mean, I think our law could not be clearer on this, that there are specific requirements for an exemption that the Supreme Court was clearly hostile to in the first place. And I don't see how they are. They are met when I look at, for example, our decision in the Gonsalves case in 2017, that a federal court here is not endeavoring to probate or Enola will administer a decedent estate. You're not arguing either of those. But the third requirement is assume in rem jurisdiction over property that is in the custody of the probate court. And I don't see anything which would bring that third exception into play here. Your honor, whether the probate exception applies or not, that that is really not the main point of the argument. And to your honor's point about the bankruptcy court just lingers forever. The bankruptcy cases often stay open if the debtor has a cause of action, whether it's for, you know, in a class action or a claim for personal injury or any kind of a cause of action. That is an action that the bankruptcy trustee has to wait to be adjudicated. And so bankruptcy cases often have to stay open while litigation claims are resolved. And in this case, it wouldn't have stayed open forever or some indefinite period of time. The probate court would. I hear you arguing that the bankruptcy court should have stayed its hand pending resolution in the probate court. Is is that as a matter of law or is that a matter of of discretion? And if so, where's the abuse of discretion here? I think it's what's our standard. What's our standard of review? I think it's a matter of law. Therefore, it's a de novo standard of review. And the reason what law tells us that the bankruptcy court erred by not waiting for the probate court to proceed. You have to interpret the CCP section upon which the exemption was claimed. And you have to, as a matter of law, decide that the CCP is going to tell the bankruptcy court that it has to stay its hand and wait for the probate court. No, the CCP, as a matter of law, defines what is exempt and what is not exempt. And the bankruptcy court here interpreted that statute and applied it to these facts. So whether it's a pure issue of law or a mixed question, it's still a de novo review. And under the CCP section at hand, it applies only to a forced sale. There was no forced sale by the bankruptcy trustee. There was never going to be a forced sale by the bankruptcy trustee. If there's a sale at all, it will be determined by the successor trustee, the debtor's brother, or by the probate. Are you saying that the debtor didn't meet the definition in 704.710c of a homestead, a dwelling in which the judgment debtor or the judgment creditor's lien attached to the dwelling? He doesn't meet that definition? He may or may not meet the definition of dwelling. And even if you concede that he Of homestead. Homestead. The issue here is under the Ninth Circuit Authority, including in Gilman, you have to have some legal or equitable interest in the property. Mere residency in and of itself does not support a claim of homestead. Under California law, in your view? Well, under California law, correct. And so this is the issue of law that is being interpreted by the bankruptcy court, which I think is on de novo review here. And ultimately, when there is never a forced sale at issue, the exemption is inapplicable as a matter of law until the debtor's rights in the property are adjudicated and determined. And if it's ultimately determined, even if this the debtor is only getting a cash distribution, then he should have never been entitled to a homestead exemption on a cash distribution when no creditor or bankruptcy trustee was ever forcing a sale. And can't that be remedied later on? I mean, once the probate is settled and once the probate decides that it's a cash distribution, then the homestead exemption in the bankruptcy court doesn't have anything to do with this case, does it? And I agree. And that's our case. So what are we arguing about? If there's going to be a forced sale, he's entitled to a homestead exemption. If there's not going to be a forced sale, he's not entitled to a homestead exemption. The bankruptcy court says there's a homestead exemption if there's a forced sale. Isn't that what you're saying? That's not what he said, according to my reading of it. That is your reading of it. I will It's premature to determine this one way or another. And if you have no further questions, I'll reserve my minute and some for rebuttal. We'll give you a little bit of extra time for your rebuttal, counsel. And counsel, whenever you're ready. Thank you and good afternoon, Your Honors. Nathan Franzen on behalf of debtor and appellee Steve Nolan. I'd like to begin sort of where that last discussion point ended. The forced sale, to the extent that it's a point of contention, there is authority in the Ninth Circuit that says the filing of a bankruptcy petition constitutes a forced sale for purposes of the automatic homestead exemption. OK, let me just ask you a question. So why does your client file for bankruptcy? Is it in the middle of a probate proceeding? I'm having a hard time with that. Yeah, that's a great question, Your Honor. And they're actually my questions are great questions. Go ahead. I certainly wouldn't argue with that. OK, the filing was predominantly the impetus was the taxes. There are significant amounts of taxes levied from a prior failed business that was was the cause or the need to file bankruptcy. But Your Honor brings up an important point about the probate that I think has has sort of been misconstrued a bit. And that's the sequence. The probate case was filed. But at the time of the filing of this bankruptcy case, Steve Nolan was the trustee of the bankruptcy. He wasn't removed until several months later. But he could see the handwriting on the wall. That's why he filed the bankruptcy. Well, again, the bankruptcy was primarily the taxes. His brother who bankruptcy was filed. Well, I don't know. That's what I'm asking you. The bottom line is, is Steve Nolan's brother filed the action in the probate court because Steve was running through the money like nobody's business. And that's why he had to file a bankruptcy court case here. And so, Your Honor, the only significant assets of the of the estate or I'm sorry, of the trust is the house. Correct. There's not been. So there wasn't a pot of pot of cash that Mr. Nolan was spending. He had been living in the house actually for many years prior to the death of his rent. He was living there rent free. He wasn't paying his brother squat. Well, that's part of the claim that is part of the claim. And it's disputed that there is a mortgage on the property that Steve Nolan had been paying for years. Property taxes, all the expenses associated with this property had been borne by Steve Nolan for the entire duration of this case and many years before. So he was paying for where he was living. Now, his brother says, hey, I want I want some money here. Dad died a little while ago. I'd like to have my my share. So there is a dispute without a doubt. And that dispute does need to be resolved. But I think the timing of this and that snapshot rule is important because the time of the filing is when the court has to look at what's what's the assets of the debtor. What are the claims? What are we dealing with? It would be extremely unfair to say, well, let's wait a few years or any length of time and let's see if maybe the debtor's business takes off. Maybe their real estate goes up in value. Maybe there's asset that he's claiming now. Maybe he sells his house down the road. The future event that would change the circumstance is not something the bankruptcy court is to wait on to see if there's an increase in the estate. And I think that's the really the impetus of the claim from trustees counsel at this point. And I think that there are cases that are very, very illustrative for this point. Several deal with fraudulent transfers. But one case in particular that we did cite to actually dealt, interestingly enough, with with somebody who had lost their house to foreclosure. And they claimed a homestead because they claimed that they had a legal basis to sue and try to reverse a foreclosure. And the court thought that was sufficient. So if that is enough at the time of the filing, in other words, the court didn't say, well, let's see how it plays out. The court just accepted that there's a potential claim, potential interest. Okay. Just let's stop just for a minute. You're telling me that the only asset that your client has is the trust. No, my other assets include some equipment for his business, nothing of great substance beyond that. I mean, the main asset is the main asset is the trust. And if the trustee wants to take care of all the debtors, he's going to have to have a forced sale. The only significant creditor is the taxing authority, and they've already got a secured claim. And the homestead exemption does not apply to them. It does not apply to their lien. All right. And so that goes back to what the heck are we doing here then? Yeah. And your honor, there is a chance that a lot of this is sort of moot. But I just want to point out what the trustees seemingly trying to do is put a priority where they can recover back administrative fees and expenses, because that would probably be the avoided if it wasn't, you know, the homestead exemption would work against those expenses. Yeah, there would be a theory, the trustee has already asserted in the bankruptcy case that says, we think we can step in because of the penalties and interest associated with the tax lien, we can set we can avoid that, jump in and get some money for administrative expenses. But your view is that it is at least possible that there is enough money here, even exclusive of what the taxing authorities might get and what the administrative expenses of the trustee might be that the homestead exemption could result in real money or some money to the debtor. It could, it certainly could. I mean, it's tough to say, but but the debtor should have the opportunity to complete his bankruptcy, and then go to the taxing agency and acknowledge their right to the their lien, and then negotiate that. But the facts as we have them right now does not do not in your view demonstrate that the debtor has no chance of taking advantage of any of the matters. It's possible that it wouldn't. But that's that's a future event that that we just don't have visibility on. But the numbers that we do know, it's I think it's close. So I have a question about the probate. My impression was is that the probate court was really only to decide who the who the administrator of the trust was. And the administrator of the trust was switched from your client to his brother. It was there anything else that was pending in the fiduciary duty for the time while? And if he makes and if he successfully makes that claim, then the probate court could liquidate the house and you would not get his homestead exemption. Well, the probate could enter a judgment, a money judgment against Steve Nolan for the breach of fiduciary duty claims. Whether they could use or attach the property to secure those claims, in excess of the homestead exemption. I think it's of note that that hasn't been requested by the brother either. So and I, I'm not involved in the probate case as his attorney, but speculation, I suppose. And just to clear up what while I have a few minutes, some of the other points, um, the, the trust, there's, there's a comment in the brief about the, the nature of an irrevocable trust and how its potential and we should, we should then sort of just not look into it. But this is clearly a revocable trust. It's at the time of the filing, Steve Nolan had a, had an absolute right as a beneficiary to the trust. And so in the property being that significant asset contained therein. Um, there is another comment I'd like to respond to about specific distributions. Uh, those are, this is in the reply brief at page nine and it refers to a third amendment to the trust, but, but that language is referring to specific requests to an attached exhibit B, which again are, are not, um, reflective or relevant to this, this discussion. Um, I think that the, the hypothetical nature of the trustee's position to get to the point of avoiding the Homestead exemption is really beyond the purview of the bankruptcy court and certainly beyond even a de novo review here in this case. Um, so we think that the court at the bankruptcy level and of course at the district level got it right. And these, the, the Homestead exemption was appropriately asserted by the debtor. Um, so with that, I'd ask to reserve my time unless the court has any further questions. Yeah, I, I don't, I don't think you get to reserve any time. So if you want to use it, you got to use it now. Well, I appreciate that. I guess I'll just use my, my, my last minute or so to, to point out that the, um, the, the for sale issue here that has been discussed again, dealing with the state court or the state law, the state code wouldn't be, uh, really an appropriate analysis given that the bankruptcy petition constitutes a for sale. We can sort of move past that. I, the, the mootness issue is, is something that is, is downstream a bit speculating on it. I think at this point it's, it's unnecessary and we're just looking for the, the previous lower court's decision to be affirmed. So, all right, thank you. Uh, counsel, you have some substantial time left. Thank you, Your Honor. And hopefully I won't, Oh, I'm sorry. I, I, I didn't see the clock switch. Excuse me. We'll put two minutes on the clock for you. Thank you. And hopefully I can close in two minutes. Um, so exemptions are generally determined by, uh, the snapshot rule, which refers to, you know, what were the rights and property as of the petition date. But in this point in time, nobody knows what that snapshot will ultimately reveal. And to judge battalion's point, if the debtor were to get a cash distribution, the forced, uh, sale exemption would be inapplicable to it. And that's what we're seeking here. If the debtor were to receive an in-kind distribution of title to the property, then nobody would have ever contested he would be entitled to a homestead here. The tax liens at issue are 600,000 plus the, uh, amount of the exemption is $75,000 plus. I don't think there's any question that, um, the debtor is out of the money, no matter what happens given the legal effect of section five 22 C. And I'd like to now close with the issue of is, is the appeal actually moot or not? And I, I want to argue that the appeal is not moot, even though it facially seems to be. And that is because typically when property is exempt and there's a final determination, and if this order isn't reversed or clarified, that property leaves the estate and the trustee still has rights under section seven 24 a and seven 24 B to avoid and recover the penalty portion of the tax liens and to seek subordination for allowed administrative expenses. If the property has left the bankruptcy estate, there would be a concern that I have that the clarification that if it's a cash distribution, that is not exempt. And if it is a entitled distribution, it is exempt. And if there is a, um, if it's determined to be equitably moot, and if this court were to apply Munsing where to vacate the lower court decision with instructions that it'd be without prejudice to the trustees rights under section seven 24. All right. We thank council for their arguments. The case just argued will be submitted. And with that, we are adjourned for the day. Thank you, Your Honor. This court for this session stands adjourned.
judges: BYBEE, BENNETT, Bataillon